UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DRS. MARCUS L. PITTMAN, III and<br>MICHAEL N. PITTMAN | CIVIL ACTION |
| VERSUS | NO. 07-3074 |
| THE GREAT ATLANTIC & PACIFIC<br>TEA COMPANY, INC. | SECTION "N" (2) |

### ORDER AND REASONS

With respect to the parties' pending motions in limine and objections to exhibits, **IT IS ORDERED** that:

(1) Plaintiffs' Motion in Limine Regarding Experts (Rec. Doc. No. 48) is **GRANTED** to the extent that it seeks to exclude testimony from Jay Caldarera relative to depreciation. On the showing made, the Court is not persuaded that testimony regarding depreciation provides an appropriate method of establishing and quantifying "normal wear and tear." The motion also is **GRANTED** to the extent that Tim Huttleston seeks to provide an expert opinion. Upon the establishment of a proper foundation, however, Mr. Huttleston may provide relevant fact testimony and may testify regarding industry customs and practices pertinent to the issues in this case.

(2) Defendant's Motion in Limine (Rec. Doc. No. 49) is **DENIED** to the extent that it seeks to exclude or limit Blake Stabenow's testimony. The matters asserted by Defendant relative to his testimony can be adequately addressed through vigorous cross-examination. The

motion is **GRANTED** to the extent that it seeks to preclude David Derbes from testifying regarding questions of law.  If Plaintiffs desire to have Mr. Derbes testify regarding industry customs and practices pertinent to the issues in this case – as opposed to the commercial real estate industry as a whole  – Plaintiffs must first establish an adequate foundation for such testimony.  The Court will decide post-trial whether any attorney's fees are to be awarded in this matter.  At that time, Plaintiffs must establish a contractual or statutory provision authorizing an award of attorney's fees in their favor.  Otherwise, the Court will not consider any evidence of fees incurred by them.  Defendant's motion is **MOOT** as to income tax effects.  Defendant's assertions regarding discussions of early lease termination, evidence of Plaintiffs "being entitled to a building with less than twenty years," and evidence about unsuccessful bidders for the removal of fixtures and equipment are deferred for consideration at trial.  Defendant's motion is **GRANTED** relative to alleged problems with the successful bidder unrelated to the removal of fixtures and equipment from the leased premises.

(3) Defendant's Motion for Appeal of Magistrate Judge's Decision (Rec. Doc. No. 50), by agreement of the parties, is **MOOT**.

(4) Plaintiffs' Objections to Defendant's Trial Exhibits (Rec. Doc. No. 55) - Plaintiffs' objection to "photographs of similar supermarkets (#17) is deferred for consideration at trial.  Plaintiff's objections to the report and C.V. of Tim Huttleston (#18-19) are **SUSTAINED**.

(5) Defendant's Objections to Plaintiffs' Trial Exhibits  (Rec. Doc. No. 56) - Subject to Plaintiff establishing an exception to the hearsay rule and an adequate factual foundation, Defendant's objections to the estimate report prepared by Donahue Favret Contractors, Inc. (#4), is **OVERRULED**.  Defendant's objection to the expert report and C.V. of David Derbes (#5) is **SUSTAINED**.  Defendant's objection to Plaintiffs' counsel's legal bills is **MOOT**.  Defendant's

objections to the documents bearing Bates Nos. 112-129 (#7) are determined consistent with the Court's rulings on Defendant's motion in limine. Defendant's objections to the documents bearing Bates Nos. 212-317 (#7), Pittman Letter of January 22, 2007 (#8), Pittman attorney letter of 2/7/05 to A&P (#10), Pittman attorney fax of 3/1/05 with A&P certification dated 2/25/05 (#11), and Plaintiffs' "catch-all" categories (#12-14) are deferred to trial for consideration. Except as otherwise ordered, Defendant's objection to the Richardson letter of 3/12/07 to A&P (with attachments and certified and return receipt) (#9) is **OVERRULED** to the extent that the documents are redacted such that they solely provide evidence of Plaintiffs putting Defendant into default.

New Orleans, Louisiana, this 21st day of August 2008.

**KURT D. ENGELHARDT**
**United States District Judge**